```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

NICHOLAS TRABAKOULOS,           :

          Plaintiff,            :
                                           PRISONER
v.                              :   CASE NO. 3:13-cv-114(RNC)

BRIAN MURPHY, et al.,           :

          Defendants.           :
```

## INITIAL REVIEW ORDER

Plaintiff Nicholas Trabakoulos, currently incarcerated at MacDougall Correctional Institution, brings this action *pro se* pursuant to 42 U.S.C. § 1983 claiming that he suffered physical and emotional injuries while incarcerated at Northern Correctional Institution due to his placement in in-cell restraints during two time periods in 2010.  The plaintiff alleges that the defendants' actions violated his rights under the Eighth Amendment, state law and international law.  The plaintiff seeks money damages plus declaratory and injunctive relief.  Named as defendants are: Commissioner Brian Murphy, Commissioner Leo Arnone, Warden Angel Quiros, Deputy Warden John Faucher, Captains Dennis Oglesby, Jason Cahill and John Doe #1, Lieutenants Michael Pafumi, Molden, Bellerose, Artz, Rivera, M. Saylor, Perkins, Daire, Brian Siwicki and Anaya, Correctional Officers Zeiller, Hartley, Cote, Wiener, Welch, Amaral, Wright, Blais, Shropshire, Orcutt, S. Jones, John Doe #2, John Doe #3, John Doe #4, John Doe #5, John Doe #6, John Doe #7, John Doe #8,

John Doe #9, John Doe #10, John Doe #11 and John Doe #12, Executive Director of Correctional Managed Health Care Robert Trestman and Nurses Shannon Lawrence, Domina, Paul Wilbur, Lyman and John Doe #13, Jane Doe #14 and John/Jane Doe #15.

Under 28 U.S.C. § 1915A(b), the court must review a prisoner's complaint against government officials and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. To withstand this screening, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

The Court concludes that the complaint adequately alleges § 1983 claims for damages against the defendants in their individual capacities for violations of the Eighth Amendment, as well as state law claims for damages, but that the other claims must be dismissed.

I.  The Allegations of the Complaint

The complaint alleges the following. On January 18, 2010, at approximately 8:45 a.m., defendant Zeiller began to escort the

plaintiff to recreation at Northern Correctional Institution. Before the plaintiff reached the recreation yard, defendant Zeiller pinched and squeezed the plaintiff's upper arm, slammed the plaintiff into a plexiglass window and informed the plaintiff that he would be transferred to a strip-cell and placed in in-cell restraints.

Defendants Pafumi and John Does ##2-12 arrived at the scene in response to a call from defendant Zeiller.  All of the defendants then escorted the plaintiff to a strip-cell.  They placed the plaintiff in in-cell restraints, including handcuffs, leg shackles and a tether chain connecting the handcuffs to the leg shackles.  The plaintiff claims that these defendants used excessive force in securing the handcuffs and leg shackles too tightly and fastening the tether chain in such a way that he could not stand up straight.  Nurse John Doe #13 came to the cell and checked the restraints, but failed to listen to the plaintiff's complaints that the restraints were too tight and that he was in pain.

Approximately thirty minutes later, defendant Zeiller falsely reported that the plaintiff was smashing the restraints on the floor of the cell.  Zeiller called defendant Pafumi to come and place a black box device over the plaintiff's wrists, further limiting his ability to move his hands.  Because the black box restraint and tether chain were applied too tightly, the plaintiff had difficulty breathing and could not stand

upright.  Nurse John/Jane Doe #13 again checked the restraints, but ignored the plaintiff's complaints that the restraints were too tight and that he was in pain.

Defendants Pafumi and Zeiller refused to give the plaintiff lunch or release him from restraints to enable him to use the toilet.  Defendants Oglesby, Saylor, Rivera, Cahill and Quiros knew or should have known that the plaintiff had been placed in restraints including the black box.  They failed to monitor the plaintiff during his confinement in restraints as required by certain Department of Correction Administrative Directives.

At approximately 5:00 p.m., defendant Molden came by the plaintiff's cell, but refused to remove the restraints to permit the plaintiff to eat his dinner or use the toilet.  Defendant Nurse Jane Doe #14 refused to loosen the restraints to permit the plaintiff to use the toilet and did not respond to his complaints of pain.

Defendants Bellerose and Artz refused to remove the restraints to permit the plaintiff to use the toilet at any time from 11:00 p.m. to 7:00 a.m. the next morning.  The plaintiff was in excruciating pain and could not sleep during the night of January 18, 2010 and early morning of January 19, 2010.  The restraints were removed during the morning of January 19, 2010.

On November 25, 2010, at approximately 7:45 a.m., the plaintiff was involved in a physical altercation with another inmate in the recreation yard.  Defendants Cote, Welch, Pafumi

and Weiner placed the plaintiff in handcuffs and leg shackles and escorted him to a cell to be placed on in-cell restraints.

Defendants Cote, Welch, Pafumi, Weiner and Hartley used excessive force against the plaintiff in placing him in in-cell restraints, including handcuffs, leg shackles and a tether chain connecting the hand cuffs to the leg shackles.  Again, the restraints were applied too tightly and the tether chain was fastened in such a way that the plaintiff could not stand upright.  Defendant Lawrence, a nurse, checked the restraints, but failed to listen to the plaintiff's complaints that the restraints were too tight and that he was in pain.

The plaintiff remained in in-cell restraints until November 27, 2010.  Defendant Hartley refused to give the plaintiff lunch or release him from restraints to enable him to use the toilet. Defendants Faucher, Perkins and Oglesby failed to monitor or check the plaintiff.  Defendants Cahill, Perkins, Daire, Siwicki, Anaya, Hartley, Cote, Wiener, Welch, Amaral, Shropshire, Blais, Wright, Orcutt, Jones, Lawrence, Domina, Wilbur, Lyman, Faucher and Does ##13-15 were aware that the plaintiff was in pain due to the improper application of restraints, but failed to take any action to relieve the plaintiff's pain or loosen the restraints. In addition, after the plaintiff's cell flooded, these defendants refused to remove the plaintiff from the cell.

II.  Analysis

Accepting the plaintiff's allegations as true, they are sufficient to support claims for damages against the defendants in their individual capacities for depriving the defendant of his rights under the Eighth Amendment.  More specifically, the allegations depict unconstitutional conditions of confinement, use of excessive force and deliberate indifference to the inmate's safety.  Thus, these claims will be allowed to proceed.

Any § 1983 claims for damages against the defendants in their official capacities are barred by the Eleventh Amendment.  See Kentucky v. Graham, 473 U.S. 159 (1985) (Eleventh Amendment immunity protects state official sued for damages in official capacity); Quern v. Jordan, 440 U.S. 332, 342 (1979) (section 1983 does not override a state's Eleventh Amendment immunity).  Accordingly, all such claims will be dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

The § 1983 claims for injunctive and declaratory relief will also be dismissed.  The claims for injunctive relief became moot when the plaintiff was transferred from Northern.  See Salahuddin v. Goord, 467 F.3d 263, 272 (2d Cir. 2006); Mawhinney v. Henderson, 542 F.2d 1, 2 (2d Cir. 1976).  Claims for declaratory relief are inappropriate when, as here, injuries have already been sustained.  See National Union Fire Ins. Co. of Pittsburgh, Pa. v. International Wire Group, Inc., No. 02 Civ. 10338, 2003 WL 21277114, at *5 (S.D.N.Y. June 2, 2003).

The allegations of the complaint adequately support claims for damages under state law for battery, negligence and intentional infliction of emotional distress.  Thus, these claims also will be allowed to proceed.

The claims under international law will be dismissed.  None of the sources of international law mentioned in the complaint provides the basis for a cause of action.  The Universal Declaration of Human Rights, the Declaration on the Protection of All Persons from Being Subjected to Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment and the Standard Minimum Rules for the Treatment of Prisoners are non-binding resolutions that do not confer rights on individuals.  See Sosa v. Alvarez-Machain, 542 U.S. 692, 734-35 (2004); Serra v. Lappin, 600 F.3d 1191, 1197 (9th Cir. 2010); Hawkins v. Comparet-Cassani, 33 F. Supp. 2d 1244, 1257 (C.D. Cal. 1999), *reversed in part on other grounds*, 251 F.3d 1230 (9th Cir. 2001).  The International Covenant on Civil and Political Rights does not bind federal courts because the treaty is not self-executing and Congress has yet to enact implementing legislation.  See Hurtado v. U.S. Atty. Gen., 401 Fed. Appx. 453, 456 (11th Cir. 2010).  The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT") is not self-executing and does not create judicially enforceable rights unless given effect by implementing legislation.  See Pierre v. Gonzalez, 502 F.3d 109, 110 (2d Cir. 2007).  The United States has enacted several statutes and

regulations to fulfill its obligations under Articles 3, 4 and 5 of CAT, but neither the statute nor the regulations apply to the plaintiff's situation.  The American Convention on Human Rights does not have the force of law in this country because it has not been ratified.  See Flores-Nova v. Attorney General, 652 F.3d 488, 495 & n.7 (3d Cir. 2011).

**ORDERS**

The Court enters the following orders:

(1) The § 1983 claims for money damages against the defendants in their individual capacities for violations of the Eighth Amendment, and the state law claims for damages for battery, negligence and intentional infliction of emotional distress, will be allowed to proceed against all the defendants named in the caption of the complaint except Arnone and Trestman, who have been sued in their official capacities only.

(2) All other claims, including the claims against Arnone and Trestman, are dismissed.  See 28 U.S.C. § 1915A(b)(1).

(3) No new claims will be permitted in this action except pursuant to an order granting a properly filed motion for leave to amend.

(4)  Within fourteen (14) days of this Order, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work address for each defendant in his or her individual capacity and mail waiver of service of process request packets to each defendant in his or her individual capacity at

8

his or her current work address.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(5)  The Clerk shall send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(6)  Defendants shall file their response to the Complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(7)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(8)  All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(9)  Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or

the response is not timely, the dispositive motion can be granted absent objection.

(10) **If the plaintiff's mailing address changes** at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he **MUST notify the court**. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address **even if he is incarcerated**. The plaintiff should write "**PLEASE NOTE MY NEW ADDRESS**." It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, indicate the case numbers in the notification of change of address. The plaintiff should also notify the defendant(s) or the attorney for the defendant(s), if appropriate, of his or her new address.

(11) The plaintiff is hereby notified that the U.S. Marshal cannot serve the complaint on Captain John Doe #1, Correctional Officers John Doe #2, John Doe #3, John Doe #4, John Doe #5, John Doe #6, John Doe #7, John Doe #8, John Doe #9, John Doe #10, John Doe #11 and John Doe #12 and Nurses John Doe #13, Jane Doe #14 and John/Jane Doe #15. The plaintiff will have 90 days from the date of this order to conduct discovery and file a notice identifying these defendants by name. If the plaintiff fails to file a notice within the time specified, the claims against the unnamed defendants will be dismissed without further notice from the court pursuant to Fed. R. Civ. P. 4(m), and the case will

proceed only as to the claims against defendants Brian Murphy, Angel Quiros, Faucher, Dennis Oglesby, Jason Cahill, Michael Pafumi, Molden, Bellerose, Artz, Rivera, M. Saylor, Perkins, Daire, Brian Siwicki, Anaya, Zeiller, Hartley, Cote, Wiener, Welch, Amaral, Wright, Blais, Shropshire, Orcutt, Mike S. Jones, Shannon Lawrence, Domina, Paul Wilbur and Lyman.

   So ordered this 28th day of October, 2013.


                                  _____/s/_____
                                         Robert N. Chatigny
                                     United States District Judge